# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

2001 SEP 28  A 10: 10

|  |  |  |
|---|---|---|
| **EDDIE OGLETREE, an individual;** | ) | |
| **GERALD STEPHENS, an individual** | ) | DEBRA P. HACKETT, CLK |
| | ) | U.S. DISTRICT COURT |
| **Plaintiff,** | ) | MIDDLE DISTRICT ALA |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO:** |
| | ) | |
| **CITY OF AUBURN**, a municipality in The | ) | 3:07CV867-WKW |
| State of Alabama; **LARRY LANGLEY**, an | ) | **JURY TRIAL DEMANDED** |
| individual; **LEE LAMAR**, an individual; | ) | |
| **BILL HAM, Jr.**, an individual; **STEVEN** | ) | |
| **A.REEVES**, an individual; **BILL JAMES**, | ) | |
| an individual; **CHARLES M. DUGGAN**, | ) | |
| an individual; and **CORTEZ LAWRENCE**, | ) | |
| an individual; | ) | |
| | ) | |
| **Defendants,** | ) | |

## COMPLAINT

### I.   JURISDICTION

1.    The Jurisdiction of this Court is invoked pursuant to 28 U.S.C 1331,1343;42

U.S.C 1983, as amended; 28 U.S.C 2201 & 2202, & 42 U.S.C 2000 (e), et seq., Title VII of the

Civil Rights Act of 1964, as amended, and the 14th Amendment of the United States

Constitution.

### II.   PARTIES

2.    The Plaintiff, Eddie Ogletree is a citizen of the United States and is a resident of

the state of Georgia.  The Plaintiff, Gerald Stephens, is a citizen of the United States and a

resident of the state of Alabama.  Both Plaintiffs are adult African American males.

3.    The Defendant, City of Auburn, Alabama, is a municipality and governmental

entity located in Lee County, Alabama. The Plaintiffs have been employees of the

Defendant City of Auburn for 23 & 16 years respectively. Both Plaintiffs are currently employed

as lieutenants.

4.     The Defendant, City of Auburn, is an employer within the meaning of 28 U.S.C

200, et seq.. All Defendants are citizens of the United States and permanent residents of the state

of Alabama.

5.     The Defendant, Larry Langley (hereafter "Langley") has been the Deputy Director

of the Fire Operations for the City of Auburn Fire Division since 1997 and has had input and

authority as a decision maker with regard to facts set forth herein.

6.     The Defendant, Lee Lamar (hereafter "Lamar") has been the Deputy Chief of the

City of Auburn Fire Division since approximately 2003 and has had input and authority as a

decision maker with regard to the facts set forth herein.

7.     The Defendant, Steven A. Reeves (hereafter "Reeves") has been the Human

Resources Director for the City of Auburn Fire Division since sometime in the 1980's and has

had input and authority as a decision maker with regard to the facts set herein.

8.     The Defendant, Bill Ham, Jr. (hereafter "Ham") has been the Mayor for the City

of Auburn since approximately 2000 and has had input and authority as a decision maker with

regard to the facts set forth herein.

9.     The Defendant, Bill James (hereafter "James") has been the Public Safety Director

of the City of Auburn since approximately 2001 and has had input and authority as a decision

maker with regard to the facts set forth herein.

10.     The Defendant, Cortez Lawrence (hereafter "Lawrence") is, and at all times

pertinent hereto was, the Deputy Public Safety Director for the City of Auburn.

11.    The Defendant, Charles M. Duggan (hereafter Duggan) was the City Manager for the City of Auburn at the time of the promotions identified and described herein and have had input and authority with regard to those promotions.

## III.    STATEMENT OF THE PLAINTIFFS' CLAIMS

12.    Plaintiffs bring the claim set forth herein pursuant to the Equal Protection Clause of the 14th Amendment of the Constitution of the United States under § 1983 and Title VII of the Civil Rights Act of 1964.  The Plaintiffs have filed 2 individual charges with the Equal Employment Opportunity Commission within the 180 day period as required by law.  The Equal Employment Opportunity Commission issued a determination for each of the amended Plaintiffs that evidence established reasonable cause to believe violations of the statute occurred as alleged. The Plaintiffs received Right to Sue Letters dated July 18, 2007 and have filed suit within the required 90 days since that time.  (See Plaintiffs Exhibits A-G)

### COUNT ONE
### RACE DISCRIMINATION IN PROMOTION

13.    The Plaintiffs adopt the general allegations alleged previously herein and further aver.

14.    The Plaintiff, Gerald Stephens, in February 2006, was a lieutenant with the City of Auburn Fire Division.  At that time, he applied for a promotion from lieutenant to the position of Battalion Chief (Captain).

15.    Prior to February 2007, only non-probationary lieutenants were allowed to apply for the position of Battalion Chief.   However, in February 2006, the City of Auburn changed its policies to allow non-probationary and probationary firefighters, including entry level Fire Fighters, and student Fire Fighters, to apply for the Battalion Chief position.

16.    During this same period of time, the City of Auburn Fire Division changed its policies to require applicants for Battalion Chief to pass a written test. Coincidentally, the policy changes occurred at a time when 2 African American lieutenants and 1 entry level African American Career Fire Fighter became eligible for the position of Battalion Chief. Seniority within the division was discarded as a criteria for promotion to the Battalion Chief position.

17.    Gerald Stephens was denied the promotion to Battalion Chief in April 2006 and a temporary assignment in January 2005. The denial of the promotion was racially based. At the time of Gerald Stephens application, there were 3 Battalion Chief positions available, and each position was filled by a Caucasian team leader ("lieutenant"). Each of the applicants that were awarded the Battalion Chief position had less seniority and experience than Gerald Stephens.

18.    Caucasian applicants for the Battalion Chief position were given preferential treatment regarding the application process, test aids and test grades. The policy changes and preferential treatment towards Caucasian applicants combined to cause the denial of Gerald Stephens' application for promotion to Battalion Chief in April 2006.

19.    The City of Auburn has violated, and continues to this day to violate a Federal Court Order requiring them to alter hiring and promotion policies and procedures in order to provide equitable treatment to African Americans. Despite this Federal Court Order and settlement, the City of Auburn has intentionally changed its policies and procedures to exclude African Americans from the hiring and promotion process.

20.    Gerald Stephens filed two grievances against the City of Auburn and followed the grievance administration process to its completion. In July 2006, the City of Auburn affirmed its decision not to temporarily assign or promote Gerald Stephens to Battalion Chief.

21.    The Plaintiff, Eddie Ogletree, has served the City of Auburn Fire Division for

more than 23 years.

22.    The Plaintiff, Eddie Ogletree, in February 2006, was a lieutenant with the City of Auburn Fire Division.  At that time, he applied for a promotion from lieutenant to the position of Battalion Chief (Captain).

23.    Prior to February 2006, only non-probationary lieutenants were allowed to apply for the position of Battalion Chief.  However, in February 2006, the City of Auburn changed its policies to allow non-probationary and probationary lieutenants, including entry level Fire Fighters and student Fire Fighters, to apply for the Battalion Chief position.

24.    During this same period of time, the City of Auburn Fire Division changed its policies to require applicants for Battalion Chief to pass a written test.  Coincidentally, these policy changes occurred at a time when 2 African American lieutenants and 1 entry level African American Career Fire Fighter became eligible for the position of Battalion Chief.  Seniority within the Division was discarded as a criteria for promotion to the Battalion Chief position.

25.    Eddie Ogletree was denied the promotion to Battalion Chief in April 2006.  The denial of the promotion was racially based.  At the time of Eddie Ogletree's application, there were 3 Battalion Chief positions available, and each position was filled by a Caucasian team leader (lieutenant).  Each of the applicants that were awarded the Battalion Chief position had less seniority and experience than Eddie Ogletree.

26.    Caucasian applicants for the Battalion Chief position were given preferential treatment regarding the application process, test aids and test grades.  The policy changes and preferential treatment towards Caucasian applicants combined to cause the denial of Eddie Ogletree's application for promotion to Battalion Chief in April 2006.

27.    The City of Auburn has violated, and continues to this day to violate a Federal

Court Order requiring them to alter hiring and promotion policies and procedures in order to provide equitable treatment to African Americans. Despite this Federal Court Order and settlement, the City of Auburn has intentionally changed its policies and procedures to exclude African Americans from the hiring and promotion process.

28.    Eddie Ogletree filed a grievance against the City of Auburn and followed the grievance administration process to its completion. In 2006, the City of Auburn affirmed its decision not to promote Eddie Ogletree to Battalion Chief.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray for the following relief:

A.    Granting Plaintiffs an Order requiring the Defendants to make Plaintiffs whole by granting to them the appropriate declaratory relief, compensatory and punitive damages;

B.    Entering a permanent injunction enjoining individual Defendants and Defendant, City of Auburn, its agents, successors, employees, attorneys and those acting therewith from continuing to violate 42 U.S.C. 2000(e); and

C.    Awarding to Plaintiffs such other, further or additional relief as justice may require.

## COUNT TWO
## RACE DISCRIMINATION IN PROMOTION: February 1, 2006

29.    In 1989 the Defendant City of Auburn instituted and created a position called the team leader position. This team leader position was designed (allegedly) to supply leaders to supervise new student fire fighters drawn from the student population of Auburn University. The students were a part of the newly - and simultaneously - created program with the team leader position, and were designated the "college student fire fighting teams" for members of the student fire fighter program. The team leader position was created during the pendency of the lawsuit which resulted in the 1991 settlement agreement and became a part of that settlement

agreement.  (See Plaintiffs Exhibit G)

30.    The team leader position is, and always has been, a grade 34 position, which is the same grade and pay for a lieutenant.  However as stated in a letter to this Court from the Defendant Langley filed January 17, 1990, the student team leaders have no authority or supervisory power over career fire fighters.  These positions were allegedly created to supervise the student fire fighters, provided in the 1991 settlement agreement.  The team leaders did not wear lieutenant's but wore a team leader badge.

31.    Because of these distinctions, the team leader position was not included in the Court's February 15, 1991 Order, as a position that required an outside assessment, as did the lieutenant and Captain positions.  A team leader promotion came from within, including the promotions of August 23, 2005.

32.    The student fire fighter program, as stated above, is composed of students from Auburn University and a Southern Union State Community College, who attend school and work as fire fighters on a temporary full time status, according to a Court document filed in the case styled Hammock v. City of Auburn, Alabama, et al. CV-87-690-E.  According to this document, the team leaders were created solely to supervise these student fire fighters.

33.    On February 1, 2006, 13 team leaders were "re-classified" (promoted) to the lieutenant position from "within" meaning there were no outside assessments, in violation of §12 of the 1991 Order.  These re-classifications or promotions were made by Defendant Langley and the other individual Defendants on the stated basis that the 1991 settlement agreement had expired.  The 1991 settlement agreement has not expired.  Plaintiffs, along with others, objected directly to Chief Langley about these promotions and meetings were held with the Defendant James, the Public Safety director for the City of Auburn; Defendant Reeves, the Human

Resources Director for the City of Auburn; Defendant Langley, the Deputy Director of Fire

Operations for the City of Auburn and others. In that meeting the Defendant stated that the 1991

settlement agreement had expired and that they were going to petition the Court to allow them to

change all of the team leaders to lieutenants. Witnesses as this meeting include Walter Allen, the

Plaintiff Gerald Stephens, Chris Turner and Dean Garrett, all employees of the fire division.

Apparently, no petition was ever filed.

34.    There is no "official" team leader position according to the National Fire

Protection Association, a national organization for the enhancement of fire fighter skills. The

team leader position was a creation of these Defendants for the purpose of avoiding the 1991

settlement agreement by actually using it as a subterfuge to promote whites to the lieutenant

grade.

35.    Of the thirteen (13) team leaders promoted, eight (8) came from the student fire

fighter program and accordingly all had less seniority than the Plaintiffs. All of the promotees

from the student fire fighter program were Caucasian. Of the thirteen (13) promotions, twelve

(12) were Caucasian and one (1) was African American (Plaintiff Eddie Ogletree) and he did not

come from the student program.

36.    Of the thirteen (13) team leaders promoted to lieutenant, only four (4) had been

required to take the August 23, 2005 written test. The other nine (9) had been appointed to team

leader pursuant to the application process described in § E of the 1991 settlement agreement.

37.    Pursuant to a Court document filed on January 17, 1990, Chief Langley had been

aware since at least January 17, 1990 that the team leader position was a subterfuge to promote

lieutenants in violation of the 1991 settlement agreement. According to the Defendant Langley,

in a letter written to Judge Varner "I also disagree with the way team leader (s) was [sic] made

lieutenant, that wasn't the understanding I had when they started the student program".

38.    Chris Turner, the Plaintiff in Civil Action Number: 3:07 CV162-MEF, was qualified to be promoted to the position of team leader and lieutenant. He was bypassed for the team leader and lieutenants position and Caucasian fire fighters were promoted to the position of team leader and lieutenant, without the requirement of an outside assessment. Chris Turner should have been promoted to team leader or lieutenant and upgraded. The Defendant City of Auburn's admission that outside assessment centers were not used in connection with team leader positions is stated in Defendant Langley's deposition taken in the Hammock case. Plaintiffs alleged that the team leader position was created to allow the Defendant, City of Auburn, to avoid the Court ordered outside assessment process in promotions to lieutenants and Captain positions.

39.    Until the 1991 settlement agreement, there were ten (10) -fifteen (15) lieutenants and they were all Caucasian. Under the 1991 settlement agreement, the Defendants were ordered to promote three (3) African Americans to lieutenant and to hire (3) three African American Career fire fighters in the near future. After that, no more lieutenants were promoted until April of 1996. Prior to February 1, 2006 and as of the February 1, 2006 promotion, as heretofore described, there remained only one (1) lieutenant, Plaintiff Gerald Stephens, as all other lieutenants retired or quit. On February 1, 2006, all (13) thirteen Team Leaders were appointed to lieutenants via a title change After February 2006, twelve (12) Caucasian fire fighters (Team Leaders) were appointed lieutenant and one (1) African American fire fighter (Team Leader) was appointed for the total of (13) thirteen.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray for the following relief:

A.   Granting Plaintiffs an Order requiring Defendant to make Plaintiffs whole by granting to them the appropriate declaratory relief, compensatory and punitive damages;

B.   Entering a permanent injunction enjoining individual Defendants and Defendant, City of Auburn, its agents, successors, employees, attorneys and those acting therewith from continuing to violate 42 U.S.C. 2000(e); and

C.   Awarding to Plaintiffs such other, further or additional relief as justice may require.

## COUNT THREE
## RACE DISCRIMINATION: BATTALION CHIEF PROMOTION: May, 2006

40.    In January, 2005, the City appointed four (4) Caucasian Captains to the newly created position of Battalion Fire Chief, without any outside assessment, interview or other formal process. No African Americans were promoted. There has never been an African American Captain or an African American Battalion Fire Chief or any other African American above the rank of lieutenant, manifesting a pattern and practice to avoid promoting African Americans. Furthermore, the 1991 settlement agreement calls for an outside assessment for the promotion to lieutenant or Captain. The position of Battalion Chief did not exist in 1991. Thus, the City of Auburn, though the Battalion position is not mentioned in the 1991 settlement agreement, is a rank above Captain, and therefore, under the 1991 settlement agreement, should have been awarded by an outside assessment, which it was not.

41.    When another Battalion Fire Chief job became available in May 2006, Plaintiffs applied for the position. Instead of awarding the position in the same manner as the first Battalion Chief Position, the Defendant City of Auburn returned to the same testing procedures as used in the August 23rd promotion and again Plaintiffs failed to make the cut off and therefore were not allowed to take the rest of the examination. Chris Turner also applied and was cut off, and the three (3) positions went to Caucasians. A fourth Caucasian male was promoted on April

1, 2007 to Battalion Chief.

42.    Although a cut off score was used to eliminate the Plaintiffs and other African Americans from the positions to which Caucasians were promoted, the other applicants were not required to comply with the physical fitness plan, as ordered by the Court pursuant to the 1991 settlement agreement, which would have possibly eliminated all of them.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray for the following relief:

A.    Granting Plaintiffs an Order requiring Defendant to make Plaintiffs whole by granting to them the appropriate declaratory relief, compensatory and punitive damages;

B.    Entering a permanent injunction enjoining individual Defendants and Defendant, City of Auburn, its agents, successors, employees, attorneys and those acting therewith from continuing to violate 42 U.S.C. 2000(e); and

C.    Awarding to Plaintiffs such other, further or additional relief as justice may require.

## COUNT FOUR
## RETALIATION

43.    The Plaintiffs adopt and reaffirm all previous allegations set forth herein and further state:

44.    The Plaintiffs have engaged in statutorily protected expressions such as filing Equal Employment Opportunity Charges and grievances against the City of Auburn Fire Department.  As a result, the Plaintiffs have been denied further consideration for job promotions.

45.    The Defendant City of Auburn has engaged in adverse employment actions causally related to the Plaintiffs' protected expressions which constitutes retaliation.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray for the following relief:

A.  Granting Plaintiffs an Order requiring Defendant to make Plaintiffs whole by granting to them the appropriate declaratory relief, compensatory and punitive damages;

B.  Entering a permanent injunction enjoining individual Defendants and Defendant, City of Auburn, its agents, successors, employees, attorneys and those acting therewith from continuing to violate 42 U.S.C. 2000(e); and

C.  Awarding to Plaintiffs such other, further or additional relief as justice may require.

## COUNT FIVE
## DISPARATE IMPACT

46.  Plaintiffs reaffirm each and every allegation set forth above as if set out herein.

47.  Plaintiffs allege that the above employment practices, as administered by the Defendants, have had a substantial adverse impact on a protected group, namely, African Americans.

48.  Plaintiffs allege that the practices are discriminatory in operation, though the Defendants will maintain that they are fair in form.  Plaintiffs allege that the employment procedures and/or testing mechanisms operate as a "built in headwind" for minority groups and are unrelated to measuring job capability.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray for the following relief:

A.  Granting Plaintiffs an Order requiring Defendant to make Plaintiffs whole by granting to them the appropriate declaratory relief, compensatory and punitive damages;

B.  Entering a permanent injunction enjoining individual Defendants and Defendant, City of Auburn, its agents, successors, employees, attorneys and those acting therewith from continuing to violate 42 U.S.C. 2000(e); and

C.  Awarding to Plaintiffs such other, further or additional relief as justice may require.

**PLAINTIFF REQUESTS A TRIAL BY JURY**

Richard F. Horsley (HOR023)
**Attorney for Plaintiffs:**
**Gerald Stephens & Eddie Ogletree**

**OF COUNSEL:**
**KING, HORSLEY & LYONS, LLC**
**1 Metroplex, Suite 280**
**Birmingham, Alabama 35209**
**Telephone: (205) 871-1310**
**Facsimile: (205) 871-1370**
**E-mail: rfhala@cs.com**

**PLAINTIFFS' ADDRESSES:**
**Eddie Ogletree**
**c/o Richard F. Horsley**
**KING, HORSLEY & LYONS, LLC**
**1 Metroplex, Suite 280**
**Birmingham, Alabama 35209**

**Gerald Stephens**
**c/o Richard F. Horsley**
**KING, HORSLEY & LYONS, LLC**
**1 Metroplex, Suite 280**
**Birmingham, Alabama 35209**

**DEFENDANTS' ADDRESSES:**
**VIA CERTIFIED MAIL**
**City of Auburn**
**144 Tichenor Avenue, Ste. 1**
**Auburn, Alabama 36830**

**VIA CERTIFIED MAIL**
**City of Auburn**
**c/o Larry Langley**
**144 Tichenor Avenue, Ste. 1**
**Auburn, Alabama 36830**

**VIA CERTIFIED MAIL**
**City of Auburn**
**c/o Lee Lamar**
**144 Tichenor Avenue, Ste. 1**
**Auburn, Alabama 36830**

**VIA CERTIFIED MAIL**
**City of Auburn**
**c/o Bill Ham, Jr.**
**144 Tichenor Avenue, Ste. 1**
**Auburn, Alabama 36830**

**VIA CERTIFIED MAIL**
**City of Auburn**
**c/o Steven A. Reeves**
**144 Tichenor Avenue, Ste. 1**
**Auburn, Alabama 36830**

**VIA CERTIFIED MAIL**
**City of Auburn**
**c/o Bill James**
**144 Tichenor Avenue, Ste. 1**
**Auburn, Alabama 36830**

**VIA CERTIFIED MAIL**
**City of Auburn**
**c/o Charles Duggan**
**144 Tichenor Avenue, Ste. 1**
**Auburn, Alabama 36830**

**VIA CERTIFIED MAIL**
**City of Auburn**
**c/o Cortez Lawrence**
**144 Tichenor Avenue, Ste. 1**
**Auburn, Alabama 36830**

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Act Statement reverse before completing this form

| | ENTER CHARGE NUMBER |
|---|---|
| | [ X ] EEOC |

(State or local Agency, if any)                                          and EEOC

| NAME (Indicate Mr., Ms., or Mrs.)<br><br>Eddie Ogletree | | HOME TELEPHONE NO.<br>(Include Area Code)<br>(334) 332-5766 |
|---|---|---|
| STREET ADDRESS<br>106 Pioneer Drive | CITY, STATE AND ZIP<br>La Grange, Georgia 30240 | COUNTY<br>Troup |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME<br><br>The City of Auburn | NO. OF EMPLOYEES/MEMBERS<br>Over 15 | TELEPHONE NO. (Include Area Code)<br>(334) 501-7260 |
|---|---|---|
| STREET ADDRESS<br>144 Tichenor Avenue, Ste. 1 | CITY, STATE AND ZIP<br>Auburn, Alabama  36830 | COUNTY<br>Lee |
| NAME | | TELEPHONE NO. (Include Area Code) |
| STREET ADDRESS | CITY, STATE AND ZIP | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es):<br><br>☒Race  ☐Color    ☐Sex    ☐ Religion    ☐ National Origin<br><br> ☐Retaliation   ☐Age    ☐Disability   ☐Other | DATE MOST RECENT OR CONTINUING DISCRIMI-NATION TOOK PLACE (Month, day, year)<br>7/27/2006 |
|---|---|

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s):

SEE EXHIBIT A

| [X] I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary to meet State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>Date 9/5/06    *Eddie Ogletree*<br>Charging Party<br>*(Signature)* | SIGNATURE OF COMPLAINANT  *Eddie Ogletree*<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day, month, and year) Sept 5 2006 |

Notary Public, Troup County, Georgia
My Commission Expires April 7, 2010



PLAINTIFF'S
EXHIBIT
A

# EXHIBIT A

Lieutenant Eddie Ogletree is an African American and has served the City of Auburn Fire Department for more than (22) twenty two years. On or about February 2006, Lieutenant Ogletree applied for a promotion from Lieutenant to the position of a Battalion Chief (Captain). Prior to February 2006, only non probationary Lieutenants were allowed to apply for the position of Battalion Chief. However, in February 2006, the respondent City of Auburn changed its policies to allow any fire fighter, including entry level fire fighters, to apply for the Battalion Chief position. Also, during this same period, the City of Auburn Fire Department changed its policies to require applicants for Battalion Chief to pass a written test. Coincidentally, these policy changes occurred at a time when two African American Lieutenants and one entry level African American Firefighter became eligible for the position of Battalion Chief. Seniority within the department was discarded as a criteria for promotion to the Battalion Chief position.

Lieutenant Ogletree was denied the promotion to Battalion Chief in April 2006. The denial of the promotion was racially based. At the time of Lieutenant Ogletree's application, there were three Battalion Chief positions available, and each position was filled by a Caucasian team leader (Lieutenant). Each of the applicants that were awarded the Battalion Chief position have less seniority and experience than Lieutenant Ogletree.

Caucasian applicants for the Battalion Chief position were given preferential treatment regarding the application process, test aids and test grades.

The policy changes and preferential treatment towards Caucasian applicants combined to cause the denial of Lieutenant Ogletree's application for promotion to Battalion Chief in April 2006. Moreover, the City of Auburn has violated, and continues to this day to violate Federal Court Orders requiring them to alter hiring and promotion policies and procedures in order to provide equitable treatment to African Americans. Despite these Federal Court Orders, the City of Auburn has intentionally changed its policies and procedures to exclude African Americans from the hiring and promotion practice.

Lieutenant Ogletree filed a grievance against the City of Auburn and followed the grievance administrative process to its completion. In July 2006, the City of Auburn affirmed its decision not to promote Lieutenant Ogletree to the position of Battalion Chief.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Birmingham District Office**

Ridge Park Place
1130 22nd Street, Suite 2000
Birmingham, AL 35205
(205) 212-2100
TTY (205) 212-2112
FAX (205) 212-2105

Charge Number:      420 2006 04927

Eddie Ogletree
106 Pioneer Drive
LaGrange, Georgia 30240                    Charging Party

City of Auburn
144 Tichenor Avenue, Suite 1
Auburn, Alabama 36830                      Respondent

DETERMINATION

I issue the following determination on the merits of this charge.

Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. (Title VII). Timeliness and all other requirements for coverage have been met.

Charging Party alleges he was not promoted because of his race, Black, in violation of Title VII.

Evidence substantiates that Respondent used tests which discriminated against Black applicants as a class in its promotions to Battalion Chief. Evidence indicates that Charging Party and other Black candidates were disqualified for promotion by use of this test. Evidence further indicates all resulting promotions to Battalion Chief were of White applicants.

I have determined that the evidence obtained during the investigation establishes reasonable cause to believe a violation of the statute occurred as alleged.

Upon finding there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. Please complete the enclosed Invitation to Conciliate and return it to the Commission at the above address no later than April 16, 2007. You may fax your response directly to (205) 212-2105 to the attention of J.W. Furman. Failure to respond by April 16, 2007, will indicate that you are not interested in conciliating this matter and the Commission will determine that efforts to conciliate this charge as required by Title VII, Section 706(b), have been unsuccessful.



**PLAINTIFF'S EXHIBIT**
**13**

Letter of Determination
Charge Number 420 2006 04927
Page 2

If the Respondent declines to participate in conciliation discussions or when, for any other reason, a conciliation agreement acceptable to the Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission.

On Behalf of the Commission:

_4/3/07_
Date

Delner Franklin-Thomas
District Director

Encl:  Invitation to Conciliate

cc:  Richard F. Horsley
     Goozee, King & Horsley
     1 Metroplex Drive, Suite 280
     Birmingham, Alabama 35209

     Arnold W. Umbach, Jr.
     Adams, Umbach, Davidson & White
     122 Tichenor Avenue
     Auburn, Alabama 36830

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Act Statement reverse before completing this form

ENTER CHARGE NUMBER

[ X ] EEOC

and EEOC

(State or local Agency, if any)

| NAME (Indicate Mr., Ms., or Mrs.)<br><br>Eddie Ogletree | | HOME TELEPHONE NO. (Include Area Code)<br>(334) 332-5766 |
|---|---|---|
| STREET ADDRESS<br>106 Pioneer Drive | CITY, STATE AND ZIP<br>La Grange, Georgia 30240 | COUNTY<br>Troup |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME<br><br>The City of Auburn | NO. OF EMPLOYEES/MEMBERS<br>Over 15 | TELEPHONE NO. (Include Area Code)<br>(334) 501-7260 |
|---|---|---|
| STREET ADDRESS<br>144 Tichenor Avenue, Ste. 1 | CITY, STATE AND ZIP<br>Auburn, Alabama  36830 | COUNTY<br>Lee |
| NAME | | TELEPHONE NO. (Include Area Code) |
| STREET ADDRESS | CITY, STATE AND ZIP | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es):<br><br>☒ Race   ☐ Color   ☐ Sex   ☐ Religion   ☐ National Origin<br><br>☐ Retaliation   ☐ Age   ☐ Disability   ☐ Other | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (Month, day, year)<br>7/27/2006 |
|---|---|

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s):

SEE EXHIBIT A

| [X] I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary to meet State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>Date 9/5/06    *Eddie Ogletree*<br>Charging Party<br>*(Signature)* | SIGNATURE OF COMPLAINANT   *Eddie Ogletree*<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day, month, and year)  Sept 5 2006 |

Notary Public, Troup County, Georgia
My Commission Expires April 7, 2010



PLAINTIFF'S EXHIBIT A

## EXHIBIT A

Lieutenant Eddie Ogletree is an African American and has served the City of Auburn Fire Department for more than (22) twenty two years. On or about February 2006, Lieutenant Ogletree applied for a promotion from Lieutenant to the position of a Battalion Chief (Captain). Prior to February 2006, only non probationary Lieutenants were allowed to apply for the position of Battalion Chief. However, in February 2006, the respondent City of Auburn changed its policies to allow any fire fighter, including entry level fire fighters, to apply for the Battalion Chief position. Also, during this same period, the City of Auburn Fire Department changed its policies to require applicants for Battalion Chief to pass a written test. Coincidentally, these policy changes occurred at a time when two African American Lieutenants and one entry level African American Firefighter became eligible for the position of Battalion Chief. Seniority within the department was discarded as a criteria for promotion to the Battalion Chief position.

Lieutenant Ogletree was denied the promotion to Battalion Chief in April 2006. The denial of the promotion was racially based. At the time of Lieutenant Ogletree's application, there were three Battalion Chief positions available, and each position was filled by a Caucasian team leader (Lieutenant). Each of the applicants that were awarded the Battalion Chief position have less seniority and experience than Lieutenant Ogletree.

Caucasian applicants for the Battalion Chief position were given preferential treatment regarding the application process, test aids and test grades.

The policy changes and preferential treatment towards Caucasian applicants combined to cause the denial of Lieutenant Ogletree's application for promotion to Battalion Chief in April 2006. Moreover, the City of Auburn has violated, and continues to this day to violate Federal Court Orders requiring them to alter hiring and promotion policies and procedures in order to provide equitable treatment to African Americans. Despite these Federal Court Orders, the City of Auburn has intentionally changed its policies and procedures to exclude African Americans from the hiring and promotion practice.

Lieutenant Ogletree filed a grievance against the City of Auburn and followed the grievance administrative process to its completion. In July 2006, the City of Auburn affirmed its decision not to promote Lieutenant Ogletree to the position of Battalion Chief.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Birmingham District Office**

Ridge Park Place
1130 22ⁿᵈ Street, Suite 2000
Birmingham, AL 35205
(205) 212-2100
TTY (205) 212-2112
FAX (205) 212-2105

Charge Number:    420 2006 04928

Gerald Stephens
828 Cahaba Drive
Auburn, Alabama 36830                    Charging Party

City of Auburn
144 Tichenor Avenue, Suite 1
Auburn, Alabama 36830                    Respondent

## DETERMINATION

I issue the following determination on the merits of this charge.

Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. (Title VII). Timeliness and all other requirements for coverage have been met.

Charging Party alleges he was not promoted because of his race, Black, in violation of Title VII.

Evidence substantiates that Respondent used tests which discriminated against Black applicants as a class in its promotions to Battalion Chief. Evidence indicates that Charging Party and other Black candidates were disqualified for promotion by use of this test. Evidence further indicates all resulting promotions to Battalion Chief were of White applicants.

I have determined that the evidence obtained during the investigation establishes reasonable cause to believe a violation of the statute occurred as alleged.

Upon finding there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. Please complete the enclosed Invitation to Conciliate and return it to the Commission at the above address no later than April 16, 2007. You may fax your response directly to (205) 212-2105 to the attention of Glenn Todd. Failure to respond by April 16, 2007, will indicate that you are not interested in conciliating this matter and the Commission will determine that efforts to conciliate this charge as required by Title VII, Section 706(b), have been unsuccessful.



PLAINTIFF'S
EXHIBIT
D

Letter of Determination
Charge Number 420 2006 04928
Page 2


If the Respondent declines to participate in conciliation discussions or when, for any other reason, a conciliation agreement acceptable to the Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission.

On Behalf of the Commission:

_____4/3/07_____                          _Delner Franklin-Thomas_
Date                                      Delner Franklin-Thomas
                                          District Director


Encl:   Invitation to Conciliate

cc:     Richard F. Horsley
        Goozee, King & Horsley
        1 Metroplex Drive, Suite 280
        Birmingham, Alabama 35209

        Arnold W. Umbach, Jr.
        Adams, Umbach, Davidson & White
        122 Tichenor Avenue
        Auburn, Alabama 36830



U.S. Department ⸴ ustice

Civil Rights Division

---

Employment Litigation Section - PHB
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
www.usdoj.gov/crt/emp/emphome.html

## NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

WJK:WBF:mdw
DJ 170-1-0

JUL 1 8 2007

CERTIFIED MAIL
RETURN RECEIPT REQUESTED



Eddie Ogletree
c/o Richard F. Horsley, Esq.
1 Metroplex Drive, Suite 280
Birmingham, AL 35209

Re: Eddie Ogletree v. City of Auburn,
EEOC No. 420-2006-04927

Dear Mr. Ogletree:

Because you filed the above charge with the Equal Employment Opportunity Commission, and conciliation on that charge has failed, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

We are returning the EEOC files pertaining to your case to the Birmingham District Office of the EEOC, located at the following address: Equal Employment Opportunity Commission, 1130 22nd Street, South, Birmingham, AL 35205.

This notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charges are meritorious.

Sincerely,

Wan J. Kim
Assistant Attorney General
Civil Rights Division

By:

William B. Fenton
Deputy Chief
Employment Litigation Section

cc: Arnold W. Umbach, Esq.
    City of Auburn

    EEOC District Office



U.S. Department of Justice

Civil Rights Division

---

Employment Litigation Section - PHB
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
www.usdoj.gov/crt/emp/emphome.html

### NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

WJK:WBF:mdw
DJ 170-1-0

JUL 18 2007

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Gerald Stephens
c/o Richard F. Horsley, Esq.
1 Metroplex Drive, Suite 280
Birmingham, AL 35209

Re: Gerald Stephens v. City of Auburn,
EEOC No. 420-2006-04928

Dear Mr. Stephens:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and conciliation on that charge has failed, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

   We are returning the EEOC files pertaining to your case to the Birmingham District Office of the EEOC, located at the following address: Equal Employment Opportunity Commission, 1130 22nd Street, South, Birmingham, AL 35205.

   This notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charges are meritorious.


                    Sincerely,

                    Wan J. Kim
                    Assistant Attorney General
                    Civil Rights Division

          By:       William B. Fenton
                    William B. Fenton
                    Deputy Chief
                    Employment Litigation Section


cc: Arnold W. Umbach, Esq.
    City of Auburn

    EEOC District Office

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

FEB 15...

THOMAS ... CLERK

CLINTON W. HAMMOCK, et al.,          )
                                     )
            Plaintiffs,              )
                                     )
                                     )
                                     )
                                     )          CV-87-680-E
                                     )
vs.                                  )
                                     )
                                     )
THE CITY OF AUBURN, et al.,          )
                                     )
            Defendants.              )

## ORDER APPROVING SETTLEMENT AGREEMENT

On this the 1st day of February, 1991, at 9:00 A.M., the day and date set for the Fairness Hearing on the proposed Settlement Agreement in the above case, the parties appeared in Open Court. Several written objections to the Settlement Agreemnent had been filed, which the Court considered. The attorneys for the parties, namely Arnold W. Umbach, Jr., attorney for the City of Auburn, Hon. Stephen R. Glassroth, attorney for the past and present white firefighters, Hon. Deborah H. Biggers, attorney for the past, present and future black firefighters, and Hon. Dudley Perry, Jr., attorney for the white future firefighters, appeared in Court and represented to this Court that the proposed Settlement Agreement represented a compromise by all parties and all attorneys recommended the Settlement Agreement to the Court on behalf of their clients. The Court gave an opportunity to all class members present to express any opinions which they might have regarding the

EOD 2-15-91



PLAINTIFF'S
EXHIBIT
6

proposed Settlement Agreement and no member of the class spoke. The Court is therefore of the opinion that the proposed Settlement Agreement should be approved and it is

ORDERED, as follows:

1. That the Settlement Agreement dated November, 1990, submitted to this Court is hereby approved and all parties are hereby directed to implement the terms and conditions of said Notice of Proposed Class Settlement.

2. That the matters involving the attorneys' fee for Perry & Perry is reserved for future decision by this Court.

3. That a copy of this Order be mailed postage prepaid or hand-delivered by the Clerk of this Court to the following:

> Arnold W. Umbach, Jr.
> Walker, Hill, Adams,
>   Umbach, Meadows & Walton
> Attorneys for the City of Auburn
> P. O. Box 2069
> Opelika, AL  36803-2069
>
> Hon. Stephen R. Glassroth
> P. O. Box 910
> Montgomery, AL 36102
>
> Hon. Deborah H. Biggers
> P. O. Box 1258
> Tuskegee, AL  36083
>
> Hon. Dudley Perry, Jr.
> 111 Washington Avenue
> Montgomery, AL  36104

ENTERED this ___15th___ day of February, 1991.

ROBERT E. VARNER, District Judge

# EXHIBIT     A

FILED

NOV 14 1990

THOMAS C. CAVER

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

CLINTON W. HAMMOCK, et al.,      )
                                 )
        Plaintiffs,              )
                                 )
                                 )    CV-87-680-E
vs.                              )
                                 )
THE CITY OF AUBURN, et al.,      )
                                 )
        Defendants.              )

## NOTICE OF PROPOSED CLASS SETTLEMENT

TO: Former, Present, and Future Employees of
the City of Auburn Fire Department who
are members of the Plaintiff Class in
Civil Action No. 87-V-680-E

A lawsuit pending in this Court, Civil Action No.
87-V-680-E involving a claim by Clinton W. Hammock and others
against the City of Auburn, Jan M. Dempsey, Mayor of the City of
Auburn; Tejeda, Personnel Manager for the City of Auburn; the
City Council of the City of Auburn, Robert Gastaldo, Samuel
Harris, Mary Fortenberry, Sam Teague, Lamar Sellers, Frances W.
Hale, W. G. "Trey" Johnston, and Bill Ham, Jr., was settled
pursuant to a Notice of Proposed Class Settlement, which, if you
are a member of the class, you should have received on or about
August 22, 1988. Since the settlement of this class action
suit, several issues have been brought before this Court
concerning the enforcement of the provisions of the settlement
decree. Currently pending before this Court are Objections of

EXHIBIT C

1

EXHIBIT    A

Dexter Card and William Felton To Proposed Settlement of Class Action, Objections of Members of Subclass of Past, Present, and Future Black Firemen, and Response of the Class Consisting of Present and Future Auburn Firefighters to the Order to Show Cause of February 16, 1990, all filed by class counsel.

The purpose of this notice is to advise you of the status of proposed settlement of all issues involved.

Subject to the approval of the Court the Plaintiffs and the Defendants have agreed on a settlement of the issues. The terms of agreement are in the Memorandum of Understanding which states:

## MEMORANDUM OF UNDERSTANDING

1. STUDENT FIREFIGHTERS. Within thirty days the City will issue a statement restating in substance those matters set forth in the plan submitted on February 3, 1989, (the Plan) to the U. S. District Court in this case and indicating, among other things, the following:

A. That the Student Firefighters are not Regular Firefighters. "Regular Firefighters" includes all permanent full-time Firefighters except Student Firefighters.

B. The Student Firefighters and their leaders are all under the direct supervision and control of the Fire Chief and the officers of the fire department. Student Firefighters have



EXHIBIT     A    2

A

no control or authority over any Regular Firefighters at any time.

C.  The Student Firefighters do not automatically become Regular Firefighters but may, of course, apply for the position of a Regular Firefighter in the event such position becomes available.  The Student Firefighters are not eligible for any promotions within the fire department except for the promotion to student positions within the Student Firefighters section.

D.  The Student Firefighters may be used as deemed appropriate by the City.  When the Career Firefighters arrive, the Senior Career Fire Officer or his designee shall assume command immediately upon their arrival.  All Student Firefighters and Career Firefighters shall work together to carry out the directions and instructions of the Senior Career Fire Officer or his designee.  In the event that a third firestation is built by the City, the City may make a determination to use Student Firefighters to man the third firestation.

E.  No parties challenge the selection process of student team leaders.  In addition all parties agree that the City's obligation to hire black Firefighters does not apply to Student Firefighters and the City may hire Student Firefighters without regards to said Order but may not, of course, discriminate in its hiring practices based upon race.

3


EXHIBIT     A

2. **KENNETH RIDLEY AND THOMAS SCOTT.** Within thirty
days from the approval of this settlement, the City shall pay
both Mr. Ridley and Mr. Scott from November 17, 1988, until the
date of their re-hiring by the City of Auburn. Said sum shall
be treated as compensation with the appropriate withholding and
deductions. In addition, if the City has not reinstated Mr.
Ridley and Mr. Scott at their previous seniority level,
including their prior grade and step, with the same accumulated
vacation days and sick leave days as of the date of their last
employment with the City prior to 1989, the City shall do so
within 30 days of the approval of this settlement and shall
issue a written statement to be placed in their personnel file,
stating that the seniority, vacation days and sick leave has
been so reinstated.

3. **CAFETERIA PLAN.** Within thirty days, the City will
obtain from the Administrator of the City's Cafeteria Plan a
statement indicating all reserves, including cash reserves and
other reserves, available to any Firefighter, and a complete
accounting of the disposition or transfer of any such cash
reserves. Further, the City will joint with Plaintiffs to
assist the Firefighter in obtaining all benefits to which they
are entitled under the Cafeteria Plan, and under all insurance
policies within such Cafeteria plan, and under all insurance
policies within such cafeteria plan to which the Plaintiffs have

# EXHIBIT    A    4.

made payments, and to be sure that the Cafeteria Plan has been administered in accordance with applicable regulations.

4. BILL FELTON. In addition to the above matters pertaining to the City's Cafeteria Plan, within thirty days, the City will furnish to Mr. Felton a statement of his plan and determine whether inappropriate deductions have been made from his paycheck and whether certain benefits are due. If it is determined that benefits are due to him or that inappropriate deductions have been made the City will cooperate to require the insurance company to fulfill its obligations.

5. CAREER PLAN. Within thirty days from the approval of this settlement, the City will modify the Career Plan currently submitted to the Court in this matter so that all deadlines set forth therein are extended for one year past the previous deadlines set forth in said Career Plan. In addition, no Firefighters shall be required to sit for nor pass the Firefighter II examination given by the State of Alabama. All Firefighters must, however, complete all training for the Firefighter II certification as given by the City of Auburn and pass all practical tests and examinations given by the City, whether written or oral which relate to said training. So long as each Firefighter is making a good faith effort to successfully complete the tests and examinations, each Firefighter shall be allowed the opportunity to take such tests and examinations as many times as may reasonably be required in

# EXHIBIT     A

order to pass. All Firefighters, even those who do not pass the State Firefighter II certification, will be required to take additional training as required by the Career Plan, with said training to include but not be limited to Fire Apparatus Operator training. The exemption to the requirement for the Firefighter II certification shall apply to Chris Turner referred to in Paragraph 11 below, but shall not apply to any Fire Officer, present or future, nor to any Firefighter hired after the date of this Agreement. In addition, all Firefighters understand and acknowledge that the failure to obtain the Firefighter II certification probably will affect future raises, promotions and job tasks.

City shall have the right to delete courses and requirements from the Career Plan if in the judgment of the City such requirements are no longer needed or required. City shall also have the right to amend the Career Plan to reflect future state or federal requirements and change in the mission of the Fire Division.

All other matters set forth in said Career Plan shall be approved by all parties and can immediately be implemented by the City.

The City shall amend the job descriptions in the Career Development Plan if necessary, so that said job descriptions correctly reflect the actual job tasks performed by each position with the Fire Division of the Department of Public

EXHIBIT    A

Safety of the City and are consistent with the current job descriptions for each position in the Fire Division of the Department of Public Safety of the City.

Upon approval of this Settlement Agreement by the Court and the Class, the Career Plan will be amended to be consistent with the changes set forth herein.

6.  PHYSICAL FITNESS PLAN.  The City shall modify the Physical Fitness Plan currently submitted to the Court so that by adopting Section 2-3.1 of the Physical Fitness Plan required by the National Fire Protection Association, NFPA 1001 Firefighter Professional Qualifications, 1987 Edition, so that the criterion reference norms set forth in the Physical Fitness Plan shall be as follows:

## CRITERION REFERENCE NORMS

| Field Test | Males | Females |
|---|---|---|
| Percent Body Fat | max 19%-25% age related | max 23%-29% age related |
| Sit ups | min 30 | min 30 |
| Sit and Reach | min 23 cm | min 23 cm |
| Step test | Good level based on age (See Table B.4) | Good level based on age (See Table B.5) |

# EXHIBIT   A

7

Each Firefighter shall complete one of the following:

|  | Males | Females |
|---|---|---|
| 1 1/2 mile run | under 30  13:00 min<br>30-39     13:00 min<br>40-49     14:00 min<br>over 50   14:30 min | under 30  13:00 min<br>30-39     13:00 min<br>40-49     14:00 min<br>over 50   14:30 min |
| Walk 3 miles | 38 min | 38 min |
| Bicycle 4 miles | 12 min | 12 min |
| Swim 500 yards | 8 min 20 seconds | 8 min 20 seconds |
| Run in Place<br>75 steps per<br>minute | 15 min | 15 min |
| Run on a<br>motorized hori-<br>zontal tread-<br>mill 10 miles<br>per hour | 6 min | 6 min |

The Physical Fitness Plan currently submitted to this Court with the above modifications shall be approved and the City may immediately implement said Plan.

EXHIBIT    A

8

7.   **WELDON AND FORTNER.**   The City will in good faith attempt to convince the Retirement Systems of the State of Alabama to accept its contributions on behalf of Mr. Weldon and Mr. Fortner in accordance with the previous order of this Court. It is the understanding of the parties that such attempt, if necessary, will include litigation on behalf of Mr. Weldon and Mr. Fortner.   The City shall proceed in good faith to promptly obtain such ruling.

8.   **SICK LEAVE.**   The City represents that it has included in the Sick Leave Plan submitted to the Court in this matter a statement indicating that co-employees will not check on other employees regarding sick leave.   If requested, the City will issue a further statement to this affect.

9.   **WALTER ALLEN.**   Within thirty days, the City will grant Mr. Allen two vacation days in exchange for two sick leave days.

10.   **MINIMUM PERMANENT FIREFIGHTER STAFFING.**   For a period of seven years from October 1, 1990, the City shall maintain 33 permanent Firefighters which 33 permanent Firefighters shall include the Fire Chief, Deputy Chiefs, Captains, Lieutenants, Student Team Leaders and Firefighters. In addition, the City agrees to maintain within said minimum number of 33 Permanent Firefighters, six Captains and six Lieutenants.   The City may, in its sole discretion and with the consent of the Fire Officer, use the Fire Officers (Lieutenants



EXHIBIT    A

9

and Captains) as student team leaders without having to replace
the Fire Officers.  This commitment by the City shall expire on
October 1, 1997.

11.  BLACK FIREFIGHTERS.  Upon the execution of this
Agreement, the City agrees to hire Chris Turner as a Probational
Firefighter for a period of one year, and if Chris Turner
completes all of the requirements for a Permanent Firefighter,
which shall include the 240 hours of training required by the
State of Alabama, passing the required physical examination by
Dr. Jimmy Mathews and satisfactorily complying with all of the
rules and regulations of the Fire Division during the one-year
period, he may become a Permanent Firefighter within the
one-year period.  In such event the City shall retain Chris
Turner as a Permanent Firefighter, subject to the rules and
regulations of the Fire Division of the Public Safety Department
of the City including all provisions of the Career Plan.  Mr.
Turner shall not be required to sit for nor pass the Firefighter
II examination given by the State of Alabama.  He must, however,
complete all training for the Firefighter II certification as
given by the City of Auburn and pass all practical tests and
examinations given by the City, whether written or oral, which
relate to said training.  If Mr. Turner does not complete all of
the requirements to become a Permanent Firefighter within the
one-year period, the City shall not be obligated to retain him.
In addition, the City agrees that the next two Regular

 

EXHIBIT    A

10

Firefighters hired by the City shall be black Firefighters. These Firefighters shall be hired when the City next hires Regular Firefighters.

12. **ASSESSMENT CENTER.** The City has submitted to this Court an Assessment Center which shall be approved by the Court and implemented by the City for use in the promotion of Lieutenants and Captains with the Fire Division. Notwithstanding any language to the contrary contained in the City of Auburn Assessment Center Candidate Orientation Manual, all promotions subject to Assessment Center involvement shall be made by promoting the candidate rated Number 1 by the Assessment Center for each such promotion.

13. **BILL FELTON AND JESSIE STRICKLAND.** Immediately upon the execution of this Agreement, the City shall promote Bill Felton and Jessie Strickland to Lieutenant and shall pay to Bill Felton and Jessie Strickland within thirty days thereof, back pay at Grade 34, Step 10 from March 1, 1990, until the date of promotion by the City. The City shall not be required to promote any other individual to the rank of Lieutenant, whether or not any individual has applied for the position of Lieutenant prior to the date of this Agreement.

14. **DAY.** The day will be defined as follows: For Firefighters on a 56-hour work week, 10.6 hours per month will be earned for all employees hired after February 3, 1989. For full-time Firefighters who work a 56-hour week and were hired



11

prior to February 3, 1989, annual leave shall be earned based on one 24-hour shift per month. For all personnel of the Fire Division not on the 56-hour week, adjustments will be made accordingly.

15. **RETALIATION PROHIBITED.** The City shall not retaliate against any member of the class.

16. **ENTIRE AGREEMENT.** This Settlement Agreement expresses the entire agreement between the parties hereto, whether oral or written, and incorporates herein all other matters agreed upon by the parties in the settlement of this lawsuit.

## General

1. The City shall be provided Full and Final Releases from all individuals adverse to the City in Clinton W. Hammock, et al. vs. City of Auburn, Civil Action No. CV-87-V-680, specifically releasing the City and all individuals it so chooses of any and all liability or obligations of any kind in connection with the events which are the basis of said lawsuit. This lawsuit shall then be dismissed with prejudice and the Plaintiffs shall bear their own costs.

2. **ATTORNEY'S FEES.** The matter involving any attorney fees due to Perry & Perry is reserved by the Court for final decision after hearing evidence thereon. The City shall pay to



12

Deborah Hill Biggers the sum of $15,000.00 and shall pay to the law firm of Kendrick and Glassroth the sum of $10,000.00.

## SETTLEMENT HEARING

The Court will hold a hearing in the United States District Courthouse in Montgomery, Alabama, on __February 1, 1991__ , at __9:00__ A.M., to determine whether, as recommended by both class counsel, it should approve the proposed settlement.

Objections to the proposed settlement by class members will t. considered by the Court but only if such objections are filed in writing with the Court on or before __January 15, 1991__ . Attendance at the hearing is not necessary; however, class members wishing to be heard orally in opposition to the proposed settlement should indicate in their written objection their intention to appear at the hearing.

Class members who support the proposed settlement do not need to appear at the hearing or take any other action to indicate their approval

---

## FURTHER PROCEEDINGS

If the settlement is approved by the Court, the entire Memorandum of Understanding will be put into effect and the entire amount of damages, including fees, costs and expenses,

# EXHIBIT    A

13

will be paid to the Clerk of this Court, who will make distribution in accord with the terms of the Memorandum of Understanding.

If settlement is not approved, the motions and other matters will be prepared for judicial resolution of the claims and defenses concerning this Courts prior order and the other matters.

## ADDITIONAL INFORMATION

Any questions you have about the matters in this notice should not be directed to the Court, but may be directed by telephone or letter to:

Deborah Hill Biggers
113 East Northside
Tuskegee, AL  36083

Stephen R. Glassroth
Kendrick and Glassroth
505 South Perry Street
P. O. Box 910
Montgomery, AL  36101-0910

or

Robert T. Meadows, III or
Arnold W. Umbach, Jr.
Attorneys for the Defendant, the City of
Auburn, Mayor Jan Dempsey, Douglas Watson,
Ron Tejeda, and the Members of the City
Council of the City of Auburn
Walker, Hill, Adams, Umbach & Meadows
P. O. Box 2069
Opelika, AL  36803-2069
Telephone:  (205) 745-6466

# EXHIBIT    A

14

You may, of course, seek the advice and guidance of your own attorney if you desire. The pleadings and other records in this litigation, including a complete copy of the proposed settlement agreement, may be examined and copied at any time during regular office hours at the office of the Clerk, Federal Courthouse, Montgomery, Alabama.

## REMINDER AS TO TIME LIMITS

If you wish to object to the proposed settlement, file your written objections with the Clerk of the Court on or before January 15, 1991 . Include any request to be heard orally at the hearing.

DATED: February 14, 1990

*Thomas C. Caver*

THOMAS C. CAVER, Clerk
United States District Court for
the Middle District of Alabama
P. O. Box 711
Montgomery, AL 36101

EXHIBIT    A

15

@018

09/10/2015 03:47 FAX

DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000555
Cashier ID: brobinso
Transaction Date: 09/28/2007
Payer Name: KING HORSLEY PC
------------------------------------
CIVIL FILING FEE
  For: KING HORSLEY PC
  Case/Party: D-ALM-3-07-CV-000867-001
  Amount:        $350.00
------------------------------------
CHECK
  Check/Money Order Num: 1361
  Amt Tendered:  $350.00
------------------------------------
Total Due:        $350.00
Total Tendered: $350.00
Change Amt:       $0.00

OGLETREE V. CITY OF AUBURN ET AL