IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EDDIE OGLETREE, an individual, ) <br> GERALD STEPHENS, an individual, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CITY OF AUBURN, a municipality in ) <br> The State of Alabama; LARRY LANGLEY, ) <br> an individual; LEE LAMAR, an individual; ) <br> BILL HAM, JR., an individual; ) <br> STEVEN A. REEVES, an individual; BILL ) <br> JAMES, an individual; CHARLES M. ) <br> DUGGAN, an individual; and CORTEZ ) <br> LAWRENCE, an individual, ) <br> ) <br> Defendants. ) | CASE NO: 3:07-cv-867-WKW |

# **AMENDED ANSWER**

COME NOW the Defendants City of Auburn, Larry Langley, Lee Lamar, Bill Ham, Jr., Steven A. Reeves, Bill James and Charles M. Duggan and herewith amend their Answer as follows:

**I.  JURISDICTION**

1. These Defendants deny the allegations of paragraph 1.

**II.  PARTIES**

2. On information and belief, these Defendants admit paragraph 2.

3. These Defendants admit the allegations of paragraph 3.

4. These Defendants deny the allegations of paragraph 4.

5. These Defendants admit that Larry Langley is the Deputy Director of the

1

Fire Operations for the City of Auburn Fire Division; otherwise, these Defendants deny the allegations of paragraph 5.

6. These Defendants admit Lee Lamar is the Deputy Chief of the City of Auburn Fire Division; otherwise, these Defendants deny the allegations of paragraph VI.

7. These Defendants admit Steven A. Reeves is the Human Resource Director for the City of Auburn; otherwise, these Defendants deny the allegations of paragraph 7.

8. These Defendants admit Bill Ham is the Mayor for the City of Auburn; otherwise, these Defendants deny the allegations of paragraph 8.

9. These Defendants admit that Bill James is the Public Safety Director of the City of Auburn; otherwise, Defendant deny the allegations of paragraph 9.

10. These Defendants deny the allegations of paragraph 10.

11. These Defendants admit Charles M. Duggan is City Manager for the City of Auburn; otherwise, these Defendants deny the allegations of paragraph 11.

### III. STATEMENT OF THE PLAINTIFFS' CLAIMS

12. These Defendants deny the allegations of paragraph 12.

**COUNT ONE**
**RACE DISCRIMINATION IN PROMOTION**

13. These Defendants adopt their responses to Plaintiffs' earlier paragraphs.

14. These Defendants admit the allegations of paragraph 14.

15. These Defendants deny the allegations of paragraph 15.

16. These Defendants deny the allegations of paragraph 16.

17. These Defendants deny the allegations of paragraph 17.

18. These Defendants deny the allegations of paragraph 18.

19. These Defendants deny the allegations of paragraph 19.

20. These Defendants admit Gerald Stephens filed grievances against the City of Auburn; otherwise, these Defendants deny the remaining allegations of paragraph 20.

21. These Defendants admit the allegations of paragraph 21.

22. These Defendants admit the allegations of paragraph 22.

23. These Defendants deny the allegations of paragraph 23.

24. These Defendants deny the allegations of paragraph 24.

25. These Defendants deny the allegations of paragraph 25.

26. These Defendants deny the allegations of paragraph 26.

27. These Defendants deny the allegations of paragraph 27.

28. These Defendants admit the allegations of paragraph 28.

These Defendants deny Plaintiffs are entitled to any relief.

## COUNT II
## RACE DISCRIMINATION I PROMOTION: February 1, 2006

29. These Defendants admit the City of Auburn created the job of Team Leader; otherwise, these Defendants deny the allegations of paragraph 29.

30. These Defendants deny the allegations of paragraph 30.

31. These Defendants deny the allegations of paragraph 31.

32. These Defendants deny the allegations of paragraph 32.

33. These Defendants deny the allegations of paragraph 33.

34. These Defendants deny the allegations of paragraph 34.

35. These Defendants deny the allegations of paragraph 35.

36. These Defendants deny the allegations of paragraph 36.

37. These Defendants deny the allegations of paragraph 37.

38. These Defendants deny the allegations of paragraph 38.

39. These Defendants deny the allegations of paragraph 39.

These Defendants further aver that Plaintiffs are not entitled to any relief.

## COUNT III
## RACE DISCRIMINATION: BATTALION CHIEF PROMOTION: May, 2006

40. These Defendants deny the allegations of paragraph 40.

41. These Defendants deny the allegations of paragraph 41.

42. These Defendants deny the allegations of paragraph 42.

These Defendants further aver Plaintiffs are not entitled to relief.

## COUNT FOUR
## RETALIATION

43. These Defendants adopt and reaffirm all previous responses as set forth herein.

44. These Defendants deny the allegations of paragraph 44.

45. These Defendants deny the allegations of paragraph 45.

These Defendants deny Plaintiffs are entitled to any relief.

## COUNT FIVE
## DISPARATE IMPACT

46. These Defendants adopt and reaffirm all previous responses as set forth

herein.

47. These Defendants deny the allegations of paragraph 47.

48. These Defendants deny the allegations of paragraph 48.

These Defendants deny Plaintiffs are entitled to any relief.

## **AFFIRMATIVE DEFENSES**

1. These Defendants aver Plaintiffs lack standing to assert any claim on behalf of Chris Turner and, as such, Count II in its entirety and all allegations of Count III referring to Chris Turner are due to be dismissed.

2. These Defendants aver that the Complaint and each count fail to state a cause of action entitling Plaintiffs to relief.

3. These Defendants deny Plaintiffs have been wronged and deny Plaintiffs are entitled to any relief.

4. These Defendants aver that Plaintiffs did not suffer an illegal adverse employment action.

5. These Defendants aver Plaintiffs did not engage in protected activity.

6. These Defendants aver this Court lacks subject matter jurisdiction.

7. These Defendants aver Plaintiffs did not timely file a Charge of Discrimination.

8. These Defendants aver Plaintiffs have not met the preconditions for maintenance of a discrimination suit.

9. These Defendants aver this suit is not timely filed.

10. These Defendants aver all Plaintiffs' claims, as alleged in this Complaint, which occurred more than one hundred and eighty (180) days prior to the filing of their

Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") are barred by the applicable statute of limitations and/or the Plaintiffs' failure to comply with the procedures required by 42 U.S.C. § 2000(e).

11.     These Defendants aver Plaintiffs cannot pursue any claim that is not "like or related" to the claims raised in their original Charges of Discrimination which are the statutory predicate for those claims.

12.     These Defendants affirmatively plead that the Plaintiffs' claims are barred in that Plaintiffs failed to satisfy the jurisdictional prerequisite for maintenance of any such action.

13.     These Defendants plead estoppel and/or laches and/or waiver.

14.     These Defendants aver Plaintiffs' own actions or inactions caused or contributed to any injury or damage hence Plaintiffs are barred from recovery.

15.     These Defendants aver all employment decisions were made on a legitimate, non-discriminatory, and permissible basis.

16.     These Defendants aver all employment decisions were made on a legitimate, non-retaliatory and permissible basis.

17.     These Defendants aver that all employment decisions were based on a reasonable and rational basis.

18.     These Defendants deny the existence of any custom or policy that allegedly resulted in the violation of Plaintiffs' rights.

19.     These Defendants plead immunity.

20.     These Defendants deny they discriminated against the Plaintiffs. However, if the fact finder reaches a contrary conclusion, the Plaintiffs cannot

establish that they were damaged or injured by any action of any Defendant since the same decisions would have been made absent any impermissible consideration.

21. These Defendants aver Plaintiffs failed to mitigate their alleged damages.

22. These Defendants aver Plaintiffs lack standing to prosecute this action.

23. These Defendants plead the statute of limitations.

24. Defendant City of Auburn avers it is immune from punitive damages.

25. The individually named Defendants, sued in their official capacity, are immune from punitive damages.

26. The individual Defendants aver they cannot be personally liable under a Title VII suit.

27. These Defendants aver Plaintiffs have not properly alleged and cannot present evidence that any practice or procedure of Defendants has a disparate impact on African-Americans.

28. These Defendants plead the statutory cap applicable to any claim for damages.

29. The individually sued Defendants aver the Complaint fails to allege any acts of wrongdoing by them and each is due to be dismissed.

30. To the extent §1983 claims are brought against the individual Defendants; said Defendants plead immunity, qualified immunity and/or good faith.

/s/ *Randall Morgan*
RANDALL MORGAN [MORG8350]
Attorney for Defendants City of Auburn, Larry Langley, Lee Lamar Bill Ham, Jr., Steven A. Reeves, Bill James and Charles M. Duggan

OF COUNSEL:
**HILL, HILL, CARTER, FRANCO,
    COLE & BLACK, P.C.**
425 South Perry Street
Montgomery, Alabama 36104
334-834-7600

## CERTIFICATE OF SERVICE

I hereby certify that on this the 24th day of October, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following via email:

Richard F. Horseley, Esq.
King, Horsley & Lyons, LLC
1 Metroplex, Suite 280
Birmingham, Alabama 35209

                                              /s/ *Randall Morgan*
                                              OF COUNSEL