**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **EDDIE OGLETREE, an individual,** | * | |
| **GERALD STEPHENS, an individual,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **vs.** | * | **CASE NO.: 3:07-cv-867-WKW** |
| | * | |
| **CITY OF AUBURN, et al.,** | * | |
| | * | |
| **Defendants.** | * | |

<u>**SECOND AMENDED OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE**</u>

COME NOW the Defendants City of Auburn, Larry Langley, Lee Lamar, Bill Ham, Jr., Steven A. Reeves, Bill James and Charles M. Duggan in the above-styled cause and pursuant to this Court's November 15, 2007 Order, submits the following Objection to Plaintiffs' Motion to Consolidate:

1.      <u>Procedural History</u>:  On February 23, 2007, Chris Turner filed a complaint (Turner Complaint) alleging race discrimination involving two different positions with the City of Auburn and alleging retaliation based on two prior protected activities (litigation involving claims of race discrimination), case styled *Chris Turner v. City of Auburn, et al*, 3:07-CV-162-MEF.  The Turner *Complaint* was answered on May 7, 2007.  On May 23, 2007 there was a motion to amend the *Complaint* to add Eddie Ogletree ("Ogletree") and Gerald Stephens ("Stephens") as Plaintiffs. After several attempts to properly amend the *Complaint*, Turner filed the *Final Amended Complaint* on June 11, 2007.   The Defendants objected and the issue was briefed.  In the meantime, on September 28, 2007, Ogletree and Stephens filed the present *Complaint* and a Motion To Consolidate their case with the Turner case.

On November 27, 2007 the Honorable Judge Mark Fuller denied the motion to amend the Turner *Complaint.*

2.      Cases Not Similar:    Rule 42(a) of the Federal Rules of Civil Procedure allows a district court judge to consolidate actions when there is a common question of law or fact. *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985).   The decision is purely discretionary and should be determined based on "whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues . . . " *Id.*   In the present case, Plaintiffs are incorrect that the claims, parties and damages are the same.  Such is simply not the case.  Rather, there is little similarity among the factual claims of these Plaintiffs and Turner Plaintiff, and litigating the cases together would be confusing.

The only commonality between this case and the Turner Lawsuit is one promotion claim and even that claim is not similar in that Plaintiff Turner had different issues regarding qualifications for that job than Ogletree and Stephens.  Consolidating the cases would be problematic, because the comparative analysis regarding the three individuals are different based on the applicants participating with each and the requirements for a particular position since Chris Turner did not hold the same position as the other Ogletree and Stephens.  Therefore, even as to the one promotion issue the three Plaintiffs have in common, the differences are too great to consolidate the cases.

Additionally, Plaintiff Turner has a promotion claim regarding Team Leader in August 2005 that in no way involves Ogletree or Stephens.  Turner Plaintiff also has a retaliation claim regarding past litigation.  Ogletree and Stephens were not involved.   Because of the differences that exist between the Turner claims and the claims of Ogletree and Stephens, the Plaintiffs cannot demonstrate how consolidating the two cases would "promote trial convenience and expedite the resolution of dispute." *Alexander v. Fulton County Georgia,* 207 F.3d 1303, 1323 (11th Cir. 2000).

3.      Defendants will be prejudiced: The Eleventh Circuit has pointed out that consolidation for efficiency can be outweighed by potential prejudice to the litigants. *Id.* at 1323-24 citing *Annis v. County of West Chester*, 136 F.3d 239, 247 (7th Cir. 1998); *Williams v. The Nashville*

*Network,* 132 F.3d 1123, 1130 (6th Cir. 1997); *Mooney v. ARAMCO Servs. Co.,* 54 F.3d 12.07, 1221 (5th Cir. 1995).

The alleged discriminatory experiences of other individuals can be prejudicial beyond their probative effect in a particular case. Ogletree and Stephens are in promoted positions beyond that of Turner.  Because Turner alleges he did not get those positions because of his race, there is inherent conflict and confusion with litigating the cases together.   Defendants have a right to defend the various Plaintiffs' claims against it without carrying the burden of explaining differences between the Plaintiffs regarding their histories of employment, job positions at the time of the alleged discrimination and promotion procedures for particular jobs; issues that would be necessary to address if the cases were consolidated but otherwise irrelevant to the question of whether a particular individual suffered an adverse employment action as a result of race discrimination or retaliation.

WHEREFORE PREMISES HAVING BEEN CONSIDERED, the Defendants respectfully request that the Plaintiffs' Motion to Consolidate be denied as a matter of law.

Respectfully submitted this the 30th day of November 2007.

/S/ Randall Morgan
Randall Morgan [8350-R70R]
Elizabeth Brannen Carter [3272-C-38-E]
**HILL, HILL, CARTER, FRANCO,
   COLE & BLACK, P.C.**
425 South Perry Street
Montgomery, Alabama 36101-0116
(334) 834-7600
(334) 263-5969 facsimile
Rmorgan@hillhillcarter.com
Counsel for Defendant

OF COUNSEL:

**HILL, HILL, CARTER, FRANCO**
  **COLE & BLACK, P.C.**
Post Office Box 116
Montgomery, Alabama  36101-0116
(334) 834-7600
(334) 263-5969

### CERTIFICATE OF SERVICE

      I Hereby Certify that I have this date served a true and correct copy of the foregoing *Second Amended Opposition to Plaitniffs' Motion to Consolidate* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, using the CM/ECF system which will send notification of such filing to: Richard F. Horsley, Esquire (rfhala@cs.com)  this the 30[h] day of November 2007.


/S/ Randall Morgan
Of Counsel