IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EDDIE OGLETREE, *et al.*,  ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:07-cv-0867-WKW |
| ) | |
| CITY OF AUBURN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### **ORDER**

Upon consideration of the pending motions before the court, it is ORDERED that:

1. The plaintiffs show cause in writing **on or before April 18, 2008**, explaining:

    a. How each plaintiff has standing to assert Count Two;[1]

    b. How Count One is not duplicative of Count Three;[2] and

    c. Why the defendants' Amended Motion to Strike (Doc. # 18)

---

[1] For example, Count Two alleges racial discrimination in the promotion of thirteen team leaders to the position of lieutenant (Compl. ¶ 13), yet states Plaintiff Ogletree was among those promoted. (*Id.* ¶ 35.) Furthermore, the Complaint states that Plaintiff Stephens was already a lieutenant at the time the thirteen team leaders were promoted. (*Id.* ¶ 39.)

[2] Count One, labeled "Race Discrimination in Promotion," states each plaintiff applied for a promotion to Battalion Chief in February 2006, and each plaintiff's application was denied in April 2006. (Compl. ¶¶ 14, 17, 22, 25.) The plaintiffs claim all three Battalion Chief positions were filled by white applicants. (*Id.* ¶¶ 17, 25.) Count Three, labeled "Race Discrimination: Battalion Chief Promotion: May, 2006," states that each plaintiff applied for a promotion to Battalion Chief in May 2006 (*id.* ¶ 41), but that the three positions were filled by white applicants. (*Id.*) Due to the similarities of Counts One and Three, the plaintiffs are instructed to clarify if they are complaining of two distinct instances of having their application for a promotion to Battalion Chief denied.

       should not be granted.

2.     The defendants' initial Motion to Strike (Doc. # 6) is DENIED as MOOT.

3.     The plaintiffs' Joint Motion to Consolidate Cases for Discovery (Doc. # 31) is DENIED. Nothing in this order should be construed to prevent the parties from working with each other to make discovery between the two cases as efficient as possible, and the parties are DIRECTED to do so.

4.     The plaintiffs' Motion for Leave to Respond (Doc. # 39) is DENIED as MOOT.

5.     The plaintiffs shall show cause in writing **on or before April 18, 2008**, as to why Defendant City of Auburn's Motion for Leave to File Third-Party Complaint (Doc. # 45) should not be granted.

DONE this the 9th day of April, 2008.

                                                    /s/ W. Keith Watkins
                                          UNITED STATES DISTRICT JUDGE