IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EDDIE OGLETREE, *et al.*,   ) | |
| ) | |
| Plaintiffs,   ) | |
| ) | |
| v.   ) | Case No. 3:07-cv-0867-WKW |
| ) | |
| CITY OF AUBURN, *et al.*,   ) | |
| ) | |
| Defendants.   ) | |

## **ORDER**

Upon consideration of the pending motions, it is ORDERED that:

1. In accordance with Federal Rule of Civil Procedure 12(f), Count Three of the Complaint is STRICKEN *sua sponte* based on the plaintiff's concession (Doc. # 53) that it is duplicative of Count One.

2. The defendants' Amended Motion to Strike (Doc. # 18) is GRANTED in part and DENIED in part as follows:

   a. Granted with respect to Count Two of the Complaint because the plaintiffs have failed to establish standing;[1]

---

[1] Despite the court's order (Doc. # 52) to show cause, the plaintiffs still fail to show how they have been *injured* by the allegations of Count Two. Even assuming their claim in Count Two is true and that the defendants were engaged in "discriminatory hiring and promotions practices" and "violated the 1991 settlement," (Doc. # 53), the plaintiffs do not explain how this injured them. As previously explained, Count Two alleges racial discrimination in the promotion of thirteen team leaders to the position of lieutenant (Compl. ¶ 33), yet states Plaintiff Ogletree was among those promoted. (*Id.* ¶ 35.) Furthermore, the Complaint states that Plaintiff Stephens was already a lieutenant at the time the thirteen team leaders were promoted. (*Id.* ¶ 39.) Based on these allegations, neither plaintiff suffered any injury from a result of the hiring practices even if they are assumed unlawful because Ogletree received a promotion anyway and

    b.    Denied as moot with respect to Count Three of the Complaint.

3.    The plaintiff shall file an amended complaint conforming to this order **on or before May 2, 2008**; specifically, the amended complaint shall only contain Count One, as Counts Two and Three have been stricken.

4.    The defendants shall file an amended answer or otherwise respond to the amended complaint **within ten days** after the amended complaint is filed.

5.    Defendant City of Auburn's Motion for Leave to File Third-Party Complaint (Doc. # 45) is GRANTED. Defendant City of Auburn shall file an exact duplicate of the proposed Third Party Complaint (Doc. # 45-2) **on or before May 2, 2008**, in compliance with Section II.A.5 of the *CM/ECF Administrative Procedures of the Middle District of Alabama*. Defendant City of Auburn is further DIRECTED to cause the immediate service of process on the third-party defendant.

DONE this 24th day of April, 2008.

                                  /s/  W. Keith Watkins
                                UNITED STATES DISTRICT JUDGE

---

Stephens had already attained that rank. Indeed, unlike Chris Turner, who was allegedly bypassed for a promotion (*id.* ¶ 38), the plaintiffs admit they are not "alleging that they were denied promotions to lieutenant." (Doc. # 53.) Because they have not shown injury, the plaintiffs do not have standing to assert Count Two. *Saladin v. City of Milledgeville*, 812 F.2d 687, 690 (11th Cir. 1987) ("[A] litigant must show . . . that he personally has suffered an actual or prospective injury as a result of the putatively illegal conduct.")