IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **EDDIE OGLETREE**, an individual; ) | |
| **GERALD STEPHENS**, an individual ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL ACTION NO:** |
| ) | **3:07-cv-867-WKW** |
| **CITY OF AUBURN**, a municipality in The ) | |
| State of Alabama; **LARRY LANGLEY**, an ) | **JURY TRIAL DEMANDED** |
| individual; **LEE LAMAR**, an individual; ) | |
| **BILL HAM, Jr.**, an individual; **STEVEN** ) | |
| **A. REEVES**, an individual; **BILL JAMES**, ) | |
| an individual; **CHARLES M. DUGGAN**, ) | |
| an individual; and **CORTEZ LAWRENCE**,) | |
| an individual; ) | |
| ) | |
|     **Defendants,** ) | |

**PLAINTIFF'S THIRD AMENDED COMPLAINT**

**I.**    **JURISDICTION**

    1.    The Jurisdiction of this Court is invoked pursuant to 28 U.S.C 1331,1343; 42 U.S.C 1983, as amended; 28 U.S.C 2201 & 2202, & 42 U.S.C 2000 (e), et seq., Title VII of the Civil Rights Act of 1964, as amended, and the 14th Amendment of the United States Constitution.

**II.**    **PARTIES**

    2.    The Plaintiff, Eddie Ogletree is a citizen of the United States and is a resident of the state of Georgia. The Plaintiff, Gerald Stephens, is a citizen of the United States and a resident of the state of Alabama. Both Plaintiffs are adult African American males.

    3.    The Defendant, City of Auburn, Alabama, is a municipality and governmental

entity located in Lee County, Alabama. The Plaintiffs have been employees of the Defendant City of Auburn for 23 & 16 years respectively. Both Plaintiffs are currently employed as lieutenants.

4. The Defendant, City of Auburn, is an employer within the meaning of 28 U.S.C 200, et seq.. All Defendants are citizens of the United States and permanent residents of the state of Alabama.

5. The Defendant, Larry Langley (hereafter "Langley") has been the Deputy Director of the Fire Operations for the City of Auburn Fire Division since 1997 and has had input and authority as a decision maker with regard to facts set forth herein.

6. The Defendant, Lee Lamar (hereafter "Lamar") has been the Deputy Chief of the City of Auburn Fire Division since approximately 2003 and has had input and authority as a decision maker with regard to the facts set forth herein.

7. The Defendant, Steven A. Reeves (hereafter "Reeves") has been the Human Resources Director for the City of Auburn Fire Division since sometime in the 1980's and has had input and authority as a decision maker with regard to the facts set herein.

8. The Defendant, Bill Ham, Jr. (hereafter "Ham") has been the Mayor for the City of Auburn since approximately 2000 and has had input and authority as a decision maker with regard to the facts set forth herein.

9. The Defendant, Bill James (hereafter "James") has been the Public Safety Director of the City of Auburn since approximately 2001 and has had input and authority as a decision maker with regard to the facts set forth herein.

10. The Defendant, Cortez Lawrence (hereafter "Lawrence") is, and at all times pertinent hereto was, the Deputy Public Safety Director for the City of Auburn.

11. The Defendant, Charles M. Duggan (hereafter Duggan) was the City Manager for the City of Auburn at the time of the promotions identified and described herein and have had input and authority with regard to those promotions.

### III. STATEMENT OF THE PLAINTIFFS' CLAIMS

12. Plaintiffs bring the claim set forth herein pursuant to the Equal Protection Clause of the 14th Amendment of the Constitution of the United States under § 1983 and Title VII of the Civil Rights Act of 1964. The Plaintiffs have filed 2 individual charges with the Equal Employment Opportunity Commission within the 180 day period as required by law. The Equal Employment Opportunity Commission issued a determination for each of the amended Plaintiffs that evidence established reasonable cause to believe violations of the statute occurred as alleged. The Plaintiffs received Right to Sue Letters dated July 18, 2007 and have filed suit within the required 90 days since that time. (See Plaintiffs Exhibits A-G)

**COUNT ONE**
**RACE DISCRIMINATION IN PROMOTION**

13. The Plaintiffs adopt the general allegations alleged previously herein and further aver.

14. The Plaintiff, Gerald Stephens, in February 2006, was a lieutenant with the City of Auburn Fire Division. At that time, he applied for a promotion from lieutenant to the position of Battalion Chief (Captain).

15. Prior to February 2006, only non-probationary lieutenants were allowed to apply for the position of Battalion Chief. However, in February 2006, the City of Auburn changed its policies to allow non-probationary and probationary firefighters, including entry level Fire Fighters, and student Fire Fighters, to apply for the Battalion Chief position.

16. During this same period of time, the City of Auburn Fire Division changed its policies to require applicants for Battalion Chief to pass a written test. Coincidentally, the policy changes occurred at a time when 2 African American lieutenants and 1 entry level African American Career Fire Fighter became eligible for the position of Battalion Chief. Seniority within the division was discarded as a criteria for promotion to the Battalion Chief position.

17. Gerald Stephens was denied the promotion to Battalion Chief in April 2006 and a temporary assignment in January 2005. The denial of the promotion was racially based. At the time of Gerald Stephens application, there were 3 Battalion Chief positions available, and each position was filled by a Caucasian team leader ("lieutenant"). Each of the applicants that were awarded the Battalion Chief position had less seniority and experience than Gerald Stephens.

18. Caucasian applicants for the Battalion Chief position were given preferential treatment regarding the application process, test aids and test grades. The policy changes and preferential treatment towards Caucasian applicants combined to cause the denial of Gerald Stephens' application for promotion to Battalion Chief in April 2006.

19. The City of Auburn has violated, and continues to this day to violate a Federal Court Order requiring them to alter hiring and promotion policies and procedures in order to provide equitable treatment to African Americans. Despite this Federal Court Order and settlement, the City of Auburn has intentionally changed its policies and procedures to exclude African Americans from the hiring and promotion process.

20. Gerald Stephens filed two grievances against the City of Auburn and followed the grievance administration process to its completion. In July 2006, the City of Auburn affirmed its decision not to temporarily assign or promote Gerald Stephens to Battalion Chief.

21. The Plaintiff, Eddie Ogletree, has served the City of Auburn Fire Division for more than 23 years.

22. The Plaintiff, Eddie Ogletree, in February 2006, was a lieutenant with the City of Auburn Fire Division. At that time, he applied for a promotion from lieutenant to the position of Battalion Chief (Captain).

23. Prior to February 2006, only non-probationary lieutenants were allowed to apply for the position of Battalion Chief. However, in February 2006, the City of Auburn changed its policies to allow non-probationary and probationary lieutenants, including entry level Fire Fighters and student Fire Fighters, to apply for the Battalion Chief position.

24. During this same period of time, the City of Auburn Fire Division changed its policies to require applicants for Battalion Chief to pass a written test. Coincidentally, these policy changes occurred at a time when 2 African American lieutenants and 1 entry level African American Career Fire Fighter became eligible for the position of Battalion Chief. Seniority within the Division was discarded as a criteria for promotion to the Battalion Chief position.

25. Eddie Ogletree was denied the promotion to Battalion Chief in April 2006. The denial of the promotion was racially based. At the time of Eddie Ogletree's application, there were 3 Battalion Chief positions available, and each position was filled by a Caucasian team leader (lieutenant). Each of the applicants that were awarded the Battalion Chief position had less seniority and experience than Eddie Ogletree.

26. Caucasian applicants for the Battalion Chief position were given preferential treatment regarding the application process, test aids and test grades. The policy changes and preferential treatment towards Caucasian applicants combined to cause the denial of Eddie Ogletree's application for promotion to Battalion Chief in April 2006.

27. The City of Auburn has violated, and continues to this day to violate a Federal Court Order requiring them to alter hiring and promotion policies and procedures in order to provide equitable treatment to African Americans. Despite this Federal Court Order and settlement, the City of Auburn has intentionally changed its policies and procedures to exclude African Americans from the hiring and promotion process.

28. Eddie Ogletree filed a grievance against the City of Auburn and followed the grievance administration process to its completion. In 2006, the City of Auburn affirmed its decision not to promote Eddie Ogletree to Battalion Chief.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray for the following relief:

A. Granting Plaintiffs an Order requiring the Defendants to make Plaintiffs whole by granting to them the appropriate declaratory relief, compensatory and punitive damages; Plaintiffs request compensatory damages for back pay, front pay, loss of retirement benefits and pension, loss of promotion and severe mental anguish and emotional distress.

B. Entering a permanent injunction enjoining individual Defendants and Defendant, City of Auburn, its agents, successors, employees, attorneys and those acting therewith from continuing to violate 42 U.S.C. 2000(e); and

C. Awarding to Plaintiffs such other, further or additional relief as justice may require.

**COUNT TWO**
**RETALIATION**

29. The Plaintiffs adopt and reaffirm all previous allegations set forth herein and further state:

30. The Plaintiffs have engaged in statutorily protected expressions such as filing Equal Employment Opportunity Charges and grievances against the City of Auburn Fire Department. As a result, the Plaintiffs have been denied further consideration for job

promotions.

31.  The Defendant City of Auburn has engaged in adverse employment actions causally related to the Plaintiffs' protected expressions which constitutes retaliation.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray for the following relief:

  A.  Granting Plaintiffs an Order requiring Defendant to make Plaintiffs whole by granting to them the appropriate declaratory relief, compensatory and punitive damages; Plaintiffs request compensatory damages for back pay, front pay, loss of retirement benefits and pension, loss of promotion and severe mental anguish and emotional distress.

  B.  Entering a permanent injunction enjoining individual Defendants and Defendant, City of Auburn, its agents, successors, employees, attorneys and those acting therewith from continuing to violate 42 U.S.C. 2000(e); and

  C.  Awarding to Plaintiffs such other, further or additional relief as justice may require.

## COUNT THREE
## DISPARATE IMPACT

32.  Plaintiffs reaffirm each and every allegation set forth above as if set out herein.

33.  Plaintiffs allege that the above employment practices, as administered by the Defendants, have had a substantial adverse impact on a protected group, namely, African Americans.

34.  Plaintiffs allege that the practices are discriminatory in operation, though the Defendants will maintain that they are fair in form.  Plaintiffs allege that the employment procedures and/or testing mechanisms operate as a "built in headwind" for minority groups and are unrelated to measuring job capability.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray for the following relief:

    A.    Granting Plaintiffs an Order requiring Defendant to make Plaintiffs whole by granting to them the appropriate declaratory relief, compensatory and punitive damages; Plaintiffs request compensatory damages for back pay, front pay, loss of retirement benefits and pension, loss of promotion and severe mental anguish and emotional distress.

    B.    Entering a permanent injunction enjoining individual Defendants and Defendant, City of Auburn, its agents, successors, employees, attorneys and those acting therewith from continuing to violate 42 U.S.C. 2000(e); and

    C.    Awarding to Plaintiffs such other, further or additional relief as justice may require.

**PLAINTIFF REQUESTS A TRIAL BY JURY**

                                      **/s/ Richard F. Horsley**
                                      **Richard F. Horsley (HOR023)**
                                      **Attorney for Plaintiffs:**
                                      **Gerald Stephens & Eddie Ogletree**

**OF COUNSEL:**
**KING, HORSLEY & LYONS, LLC**
**1 Metroplex, Suite 280**
**Birmingham, Alabama 35209**
**Telephone: (205) 871-1310**
**Facsimile: (205) 871-1370**
**E-mail: rfhala@cs.com**

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using electronic filing which will send notification of such filing on this the 13th day of June, 2008.

      /s/Richard F. Horsley
      **Richard F. Horsley**

**Randall Morgan, Esquire**
**Hill, Hill, Carter, Franco, Cole & Black PC**
**425 South Perry Street**
**Montgomery, Alabama 36104**
**Telephone: (334) 834-7600**
**Facsimile: (334) 262-4389**
**E-mail: morgan@hillhillcarter.com**