IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EDDIE OGLETREE, an individual, ) | |
| GERALD STEPHENS, an individual, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO: 3:07-cv-867-WKW |
| ) | |
| CITY OF AUBURN, a municipality in ) | |
| The State of Alabama; LARRY LANGLEY, ) | |
| an individual; LEE LAMAR, an individual; ) | |
| BILL HAM, JR., an individual; ) | |
| STEVEN A. REEVES, an individual; BILL ) | |
| JAMES, an individual; CHARLES M. ) | |
| DUGGAN, an individual; and CORTEZ ) | |
| LAWRENCE, an individual, ) | |
| ) | |
| Defendants. ) | |

## ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

**I.    JURISDICTION**

    1.    These Defendants deny the allegations of paragraph 1.

**II.    PARTIES**

    2.    On information and belief, these Defendants admit paragraph 2.

    3.    These Defendants admit the allegations of paragraph 3.

    4.    These Defendants deny the allegations of paragraph 4.

    5.    These Defendants admit that Larry Langley was at one time the Deputy Public Safety Director for Fire Operations for the City of Auburn; otherwise, these Defendants deny the allegations of paragraph 5.

    6.    These Defendants admit Lee Lamar is the Acting Deputy Public Safety

Director for Fire Operations for the City of Auburn; otherwise, these Defendants deny the allegations of paragraph VI.

7. These Defendants admit Steven A. Reeves is the Human Resources Director for the City of Auburn; otherwise, these Defendants deny the allegations of paragraph 7.

8. These Defendants admit Bill Ham, Jr. is the Mayor for the City of Auburn; otherwise, these Defendants deny the allegations of paragraph 8.

9. These Defendants admit that Bill James is the Public Safety Director of the City of Auburn; otherwise, Defendant deny the allegations of paragraph 9.

10. These Defendants deny the allegations of paragraph 10.

11. These Defendants admit Charles M. Duggan, Jr. is City Manager for the City of Auburn; otherwise, these Defendants deny the allegations of paragraph 11.

## III. STATEMENT OF THE PLAINTIFFS' CLAIMS

12. These Defendants deny the allegations of paragraph 12.

**COUNT ONE**
**RACE DISCRIMINATION IN PROMOTION**

13. These Defendants adopt their responses to Plaintiffs' earlier paragraphs.

14. These Defendants admit the allegations of paragraph 14.

15. These Defendants deny the allegations of paragraph 15.

16. These Defendants deny the allegations of paragraph 16.

17. These Defendants deny the allegations of paragraph 17.

18. These Defendants deny the allegations of paragraph 18.

19. These Defendants deny the allegations of paragraph 19.

20. These Defendants admit Gerald Stephens filed grievances against the City of Auburn; otherwise, these Defendants deny the remaining allegations of paragraph 20.

21. These Defendants admit the allegations of paragraph 21.

22. These Defendants admit the allegations of paragraph 22.

23. These Defendants deny the allegations of paragraph 23.

24. These Defendants deny the allegations of paragraph 24.

25. These Defendants deny the allegations of paragraph 25.

26. These Defendants deny the allegations of paragraph 26.

27. These Defendants deny the allegations of paragraph 27.

28. These Defendants admit the allegations of paragraph 28.

These Defendants deny Plaintiffs are entitled to any relief.

## COUNT TWO
## RETALIATION

29. These Defendants adopt and reaffirm all previous responses as set forth herein.

30. These Defendants deny the allegations of paragraph 30.

31. These Defendants deny the allegations of paragraph 31.

These Defendants deny Plaintiffs are entitled to any relief.

## COUNT THREE
## DISPARATE IMPACT

32. These Defendants adopt and reaffirm all previous responses as set forth herein.

33. These Defendants deny the allegations of paragraph 33.

34. These Defendants deny the allegations of paragraph 34.

These Defendants deny Plaintiffs are entitled to any relief.

## **AFFIRMATIVE DEFENSES**

1. These Defendants aver that the Complaint and each count fail to state a cause of action entitling Plaintiffs to relief.

2. These Defendants deny Plaintiffs have been wronged and deny Plaintiffs are entitled to any relief.

3. These Defendants aver that Plaintiffs did not suffer an illegal adverse employment action.

4. These Defendants aver Plaintiffs did not engage in protected activity.

5. These Defendants aver this Court lacks subject matter jurisdiction.

6. These Defendants aver Plaintiffs did not timely file a Charge of Discrimination.

7. These Defendants aver Plaintiffs have not met the preconditions for maintenance of a discrimination suit.

8. These Defendants aver this suit is not timely filed.

9. These Defendants aver all Plaintiffs' claims, as alleged in this Complaint, which occurred more than one hundred and eighty (180) days prior to the filing of their Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") are barred by the applicable statute of limitations and/or the Plaintiffs' failure to comply with the procedures required by 42 U.S.C. § 2000(e).

10. These Defendants aver Plaintiffs cannot pursue any claim that is not "like or related" to the claims raised in their original Charges of Discrimination which are

the statutory predicate for those claims.

11.  These Defendants affirmatively plead that the Plaintiffs' claims are barred in that Plaintiffs failed to satisfy the jurisdictional prerequisite for maintenance of any such action.

12.  These Defendants plead estoppel and/or laches and/or waiver.

13.  These Defendants aver Plaintiffs' own actions or inactions caused or contributed to any injury or damage hence Plaintiffs are barred from recovery.

14.  These Defendants aver all employment decisions were made on a legitimate, non-discriminatory, and permissible basis.

15.  These Defendants aver all employment decisions were made on a legitimate, non-retaliatory and permissible basis.

16.  These Defendants aver that all employment decisions were based on a reasonable and rational basis.

17.  These Defendants deny the existence of any custom or policy that allegedly resulted in the violation of Plaintiffs' rights.

18.  These Defendants plead immunity.

19.  These Defendants deny they discriminated against the Plaintiffs. However, if the fact finder reaches a contrary conclusion, the Plaintiffs cannot establish that they were damaged or injured by any action of any Defendant since the same decisions would have been made absent any impermissible consideration.

20.  These Defendants aver Plaintiffs failed to mitigate their alleged damages.

21.  These Defendants aver Plaintiffs lack standing to prosecute this action.

22.  These Defendants plead the statute of limitations.

23. Defendant City of Auburn avers it is immune from punitive damages.

24. The individually named Defendants, sued in their official capacity, are immune from punitive damages.

25. The individual Defendants aver they cannot be personally liable under a Title VII suit.

26. These Defendants aver Plaintiffs have not properly alleged and cannot present evidence that any practice or procedure of Defendants has a disparate impact on African-Americans.

27. These Defendants plead the statutory cap applicable to any claim for damages.

28. The individually sued Defendants aver the Complaint fails to allege any acts of wrongdoing by them and each is due to be dismissed.

29. To the extent §1983 claims are brought against the individual Defendants; said Defendants plead immunity, qualified immunity and/or good faith.

30. The individual Defendants plead qualified immunity.

31. The individual Defendants plead good faith.

32. These Defendants plead release.

33. These Defendants plead res judicata, collateral estoppel and issue preclusion.

34. These Defendants aver the Complaint was untimely filed.

35. These Defendants plead advice of counsel.

36. These Defendants deny the nature and extent of Plaintiffs' alleged damages.

37. These Defendants contest damages and aver that any request for

compensatory, back pay and/or front pay damages is subject to the restrictions of §706(g) of the Civil Rights Act of 1964 and pertinent case law.

38.  The individual Defendants in their official capacity aver they are immune from punitive damages.

39.  Defendants aver that the Court did not retain jurisdiction of the Settlement Agreement and/or Notice of Proposed Class Settlement.

40.  Defendants aver the Settlement Agreement and/or Notice of Proposed Class Settlement has expired.

41.  Defendants aver the parties by agreement have modified the Settlement Agreement and/or Notice of Proposed Class Settlement.

/S/ *Randall Morgan*
Randall Morgan [8350-R70R]
Elizabeth Brannen Carter [3272-C-38-E]
Counsel for Defendants City of Auburn, Larry Langley, Lee Lamar, Bill Ham, Jr., Steven A. Reeves, Bill James and Charles M. Duggan

OF COUNSEL:

**HILL, HILL, CARTER, FRANCO
   COLE & BLACK, P.C.**
Post Office Box 116
Montgomery, Alabama  36101-0116
(334) 834-7600 phone
(334) 263-5969 fax
Rmorgan@HillHillCarter.com
Ecarter@HillHillCarter.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this the 19th day of August, 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following via email:

Richard F. Horseley, Esq.
King, Horsley & Lyons, LLC
1 Metroplex, Suite 280
Birmingham, Alabama 35209

William K. Hancock, Esq.
Adams & Reese, LLP
2100 Third Avenue North, Suite 1100
Birmingham, Alabama 35203

                                /s/ *Randall Morgan*
                                OF COUNSEL